UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Case No.: 21-CR-00645-DLF |
| | ) |
| KEVIN DOUGLAS CREEK | ) |
| | ) |

### SUPPLEMENT SENTENCING MEMORANDUM

Kevin Creek, by his attorney, Troy B. Jones, hereby submits the following memorandum in aid of sentencing in this matter.

1. **Whether the official victim enhancement is USSG § 3A.a1.2(a)-(c) applies if the Court sentences the defendant under § 2A2.2(a), considering that application note 4 of § 2A2.2 provides that the official victim enhancement applies if § 2A2.2(b)(7) applies, and also that § 2A2.2(b)(7) does not apply because the defendant was not convicted under 18 U.S.C. §§ 111(b) or 115.**

**Response:**

Based on the plain language of § 2A2.2(b)(7) and the fact that defendant was not convicted under 18 U.S.C. §§ 111(b) or 115, the defendant believes that the official victim enhancement in USSG § 3A1.2(a)-(c) is not applicable in this case even if the Court sentences Creek under § 2A2.2(a).

If the Court applies §2A2.4 rather than §2A2.2, the defendant notes that USSG §3A1.2 is nonapplicable to § 2A2.4 (Obstructing or Impeding Officers) since it is specifically incorporated the factor in § 2A2.4.

2. **Whether the defendant is bound by the plea agreement such that he cannot argue that §2A2.4, rather than § 2A2.2, applies.**

**Response:**

The defendant believes that he is bound by the plea agreement but that he may argue that § 2A2.4, rather than § 2A2.2, applies. However, the plea agreement at [6] states "The parties also reserve the right to address the correctness of any Sentencing Guidelines calculations determined

1

by the presentence report writer or the court, even if those calculations differ from the Estimated Guidelines Range calculated herein. In the event that the Court or the presentence report writer considers any Sentencing Guidelines adjustments, departures, or calculations different from those agreed to and/or estimated in this Agreement, or contemplates a sentence outside the Guideline range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court or the presentence report writer and to allocate for a sentence within the Guidelines range, as ultimately determined by the Court, even if the Guideline range ultimately determined by the Court is different from the Estimated Guidelines Range calculated herein."

The plea agreement Estimated Guidelines Range calculated is not binding on the Probation Office or the Court. Should the Court or Probation Office determine that guidelines range different from the Estimated Guidelines Range is applicable, that will not be a basis for withdrawal or recission of this Agreement by either party, see plea agreement [4].

The defendant argues that the base offense level for a conviction under 18 U.S.C. § 111(a)1 is provided by Guidelines § 2A2.4, labeled "Obstructing or Impeding Officers," unless the offense conduct constituted aggravated assault, in which case § 2A2.2 shall apply. See USSG App. A (Statutory Index); USSG § 2A2.4(c)(1). In this context, "aggravated assault' means a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury) *i.e.*, not merely to frighten) with that weapon; (B) serious bodily injury; (C) strangling, suffocating, or attempting to strangle or suffocate; (D) an intent to commit another felony." USSG § 2A2.2 cmt. n.1.

A review of the record will reveal no evidence to support a finding that Creek's conduct satisfied this definition of aggravated assault. The government has not directed us to any facts that support a finding of aggravated assault, and in our own review of all the facts, we find no evidence to support the application of Guidelines § 2A2.2.

Where the base offense level is provided by Guidelines § 2A2.4, the official victim enhancement categorically does not apply. *See* USSG § 2A2.4 cmt. n.2.

3. **Whether the defendant is entitled to a downward adjustment under § 3E1.1 for acceptance of responsibility if he now asserts that he merely threatened to assault (rather than assaulted) officers, see [46] Final Presentence Investigation Report at 25,**

**considering that at the time of his plea, the defendant admitted under oath that he pushed, kicked, and struck law enforcement officers, see [35] Statement of Facts at 3-**
**Response:**

Counsel for the defendant apologizes for any misstatement made to the US Probation Officer related to the assault and bodily injury assertions made in email to USPO Willet on March 10, 2022.

The defendant is not asserting that he did not assault the two law enforcement officers as stated in the Statement of Facts at 3-4. "On January 6, 2021, at approximately 2:29 p.m. EST, the defendant made physical contact with U.S. Capital Police Officer with the Initials R.S.E. by placing his hand under the officer's right shoulder and pushing. The defendant also kicked the officer. When the defendant pushed, kicked, and struck these officers, the defendant knew that the officers were engaged in the performance of official duties".

The defendant counsel was trying to state that there was no evidence of aggravate assault in the records.

The defendant should be entitled to a downward adjustment under § 3E1.1 for acceptance of responsibility since he has made no assertion that he merely threatened the officers.

Respectfully submitted,

/s/ Troy B. Jones
Troy B. Jones, Esquire #033064
P.O. Box 2308
418 S. Gay Street Suite 204
Knoxville, Tennessee 37901
(865) 456-5901

## CERTIFICATE OF SERVICE

I hereby certify that all. Counsel of record have been served via the ECF, email or fax this 28 day of April 2022.