UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEVIN DOUGLAS CREEK,<br><br>Defendant. | Case No. 21-cr-645-DLF |

**GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplemental sentencing memorandum in response to the Court's April 27, 2022, minute order regarding the sentencing of Defendant Kevin Douglas Creek.

**I.     U.S.S.G. §3A1.2(a)-(c) Applies if the Court Sentences the Defendant Under U.S.S.G. §2A2.2**

Section §3A1.2 of the United States Sentencing Guidelines instructs sentencing courts to apply the greatest of three potential adjustments for "official" victims:

> (a) If (1) the victim was (A) a government officer or employee; (B) a former government officer or employee; or (C) a member of the immediate family of a person described in subdivision (A) or (B); and (2) the offense of conviction was motivated by such status, increase by **3** levels.
>
> (b) If subsection (a)(1) and (2) apply, and the applicable Chapter Two guideline is from Chapter Two, Part A (Offenses Against the Person), increase by **6** levels.
>
> (c) If, in a manner creating a substantial risk of serious bodily injury, the defendant or a person for whose conduct the defendant is otherwise accountable—
>
>> (1) knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom; or . . .

1

increase by **6** levels.[1]

U.S.S.G. §3A1.2.

Section 3A1.2(a)-(c) applies if the Court sentences the defendant under §2A2.2, notwithstanding §2A2.2 Application Note 4's instruction that "if subsection (b)(7) applies, §3A1.2 (Official Victim) also shall apply." U.S.S.G. §2A2.2 cmt. n.4. Application Note 4 identifies one circumstance in which the adjustment applies (*i.e.* if the defendant was convicted under 18 U.S.C § 111(b) or § 115) but does not explicitly or implicitly preclude application of the §3A1.2 adjustment in other circumstances.

This reading of Application Note 4 is confirmed by other provisions of the Sentencing Guidelines. Application Note 2 to §2A2.4 indicates that the official victim adjustment under §3A1.2 should be applied if §2A2.4's cross-reference to §2A2.2 is invoked. Likewise, Application Note 2 to §3A1.2 indicates that a §3A1.2 adjustment should not be applied if the applicable offense guideline specifically incorporates this factor, and states that "[t]he only offense guideline in Chapter Two that specifically incorporates this factor is §2A2.4 (Obstructing or Impeding Officers). U.S.S.G. §3A1.2 cmt. n.2; *see United States v. Valdez-Torres*, 108 F.3d 385, 390 (D.C. Cir. 1997) (affirming district court's application of §3A1.2(b) after district court applied §2A2.2 in case involving assault conviction under § 111(a)); *United States v. Obayanju*, 165 F.3d 21, 1998 WL 743598 at *2 (4th Cir. 1998) (citing *Valdez-Torres* regarding the application of §3A1.2). Section 2A2.2 applies to all aggravated assaults irrespective of the status of the victim. Failing to apply the official victim adjustment under §3A1.2 in this case would fail to account for account for the fact that the defendant assaulted law enforcement officers. Notably, Judge Jackson applied a six-level official victim adjustment under §3A1.2(b) after applying §2A2.2 in

---

[1] A six-level adjustment is warranted in this case under §3A1.2(b) and (c).

analogous circumstances in a case arising out of the events of January 6, 2021.  *See United States v. Leffingwell*, 21-cr-5 (ABJ), ECF No. 53 at 23.

## II. Defendant is Permitted Under the Plea Agreement to Address "the Correctness" of Probation's Guidelines Calculations but Not Argue for a Guidelines Calculation other than what He Agreed to in the Plea Agreement.

The plea agreement does not permit the defendant to "seek any offense-level calculation different from" the offense level calculated in the plea agreement.  ECF 34, ¶ 4.C.  But the plea agreement does permit the parties to "address the correctness" of the Probation Office's Guidelines calculations.  ECF 34, ¶ 6 ("Reservation of Allocution"), page 4.

The PSR disagrees with stipulated offense level agreed to by the parties in the plea agreement and concludes that the base offense level is 10, pursuant to U.S.S.G. §2A2.4.  ECF 45 at ¶ 28.  In response to the Probation Officer's analysis, the defendant made the following statement in his sentencing memorandum:

> The defendant agrees with the Probation Office's guideline calculations that differs from those as provided in the plea agreement.  Specifically, the Probation Office correctly applied U.S.S.G. § 2A2.4 [Obstructing or Impeding Officers] because the facts and circumstances of the offense did not meet the definition of "Aggravated Assault" as required by U.S.S.G . §2A2.2.

ECF 49 at 2.  The government reads the defendant's initial and supplemental sentencing memoranda to "address the correctness of" the Guidelines calculations reached in the PSR as opposed to advocating for an offense level different than the one contemplated by the plea agreement.  The defendant may "address the correctness" of the Probation Officer's Guidelines analysis, including by expressing his "agreement" with that analysis.  But he may not urge this Court to adopt a Guidelines analysis other than the analysis to which he agreed in the plea agreement without breaching the plea agreement.  Because, in the government's view, the defendant does not so urge the Court, his statement does not violate the plea agreement.  To the

extent statements in the defendant's sentencing memoranda can be read as affirmatively advocating the application of §2A2.4, the Court should disregard that argument as inconsistent with the defendant's commitment under the plea agreement.[2]

Given the parties' agreement, and for the reasons stated in the government's sentencing memorandum, ECF 49 at 21-24, this Court should apply §2A2.2 and not §2A2.4 as the Guideline that applies to Defendant's § 111(a)(1) offense.

### III. If the Defendant Continues to Deny Offense Conduct That He Admitted Under Oath and to Which he Pleaded Guilty, He is Not Entitled to a Downward Adjustment for Acceptance of Responsibility.

The PSR reflects that the defendant denied offense conduct that he admitted under oath and to which he pleaded guilty—that is, the defendant "denies ever assaulting any law enforcement officers," *see* PSR ¶26, while he admitted to pushing, kicking, and striking law enforcement officers as part of his plea. If the defendant continues to deny this conduct,[3] he is not entitled to a two-level reduction in his offense level for acceptance of responsibility under U.S.S.G. §3E1.1(a) and the government will not move for an additional one-level reduction under §3E1.1(b).

Section 3E1.1 of the Sentencing Guidelines provides for a downward adjustment in a

---

[2] In a second supplemental filing, the defendant also asks this Court to disregard any aspect of his supplemental sentencing memorandum "that appears to argue for a guideline calculation different than the one in the plea agreement." ECF 51.

[3] The undersigned conferred with counsel for the defendant following this Court's April 27, 2022, minute order. Counsel for the defendant insisted that the defendant's statement as reflected by paragraph 26 of the PSR is the product of a misunderstanding with the PSR writer, that the defendant truthfully admitted the conduct comprising the offense of conviction as part of his plea, and he will continue to truthfully admit such conduct at sentencing. If the defendant truthfully admits his offense conduct at sentencing, the government will support a two-level reduction of the offense level for adjustment of responsibility under U.S.S.G. §3E1.1(a) and will move for an additional one-level reduction under §3E1.1(b), assuming this Court calculates the total offense level consistent with the plea agreement which is greater than 16.

defendant's offense level if he or she "clearly demonstrates acceptance of responsibility" for the offense of conviction. "Entry of a plea of guilty prior to the commencement of trial *combined with truthfully admitting the conduct comprising the offense of conviction* … will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a)." U.S.S.G. §3E1.1, cmt. n.3 (emphasis added). But a defendant who pleads guilty is "is not entitled to an adjustment under this section as a matter of right" and evidence of acceptance of responsibility supplied by a guilty plea "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." *Id.* If the defendant, at sentencing, denies assaulting Officers J.C.M. and R.S.E., he is not entitled to any downward adjustment for acceptance of responsibility because he has not "truthfully admit[ed] conduct comprising the offense of conviction," *see* §3E1.1, cmt. n.3. Any evidence of acceptance of responsibility theoretically supplied by the defendant's guilty plea is entitled to no weight under such circumstances, as denial of the offense conduct is inherently inconsistent with the acceptance of responsibility for the offense.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY

BY:    /s/
        Kathryn E. Fifield
        Trial Attorney
        U.S. Department of Justice, Criminal Division
        Detailed to the D.C. U.S. Attorney's Office
        601 D Street, N.W.
        Washington, D.C. 20530
        Kathryn.fifield@usdoj.gov
        (202) 320-0048